IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES S. SWIFT,<br><br>Defendants. | 8:04CR342<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Charles Swift's pro se Motion to Discharge Fines and Costs (Filing No. 124).

In 2004 Swift pled guilty to one count of Conspiracy to Defraud the Government under 18 U.S.C. § 286. Filing No. 86. The Court sentenced him to 15 months in federal custody and ordered $5,881.54 in restitution and a $100 special assessment.[1] *Id.* at 2, 5. The Court did not impose any fines. *Id.* at 5. Now, Swift moves to discharge "fines and costs" as a "pauper." Filing No. 124 at 1. In support, he submitted a Financial Statement of Debtor showing his income is "SSI" (Supplemental Security Income) and stated he is homeless. *Id.* at 2.

The Court—while sympathetic to Swift's situation—cannot discharge or lessen Swift's restitution obligation. Because Swift was convicted of a fraud offense, the Mandatory Victims Restitution Act of 1996 applies. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). "In enacting the MVRA, Congress eliminated the district court's discretion and required restitution regardless of the defendant's financial resources or ability to pay." *United*

---

[1] Any obligation to pay the special assessment expired back in 2010. 18 U.S.C. § 3013(c) ("The obligation to pay an assessment ceases five years after the date of the judgment."); Filing No. 86 (final judgment dated July 1, 2005). So, the Court only addresses restitution.

1

States v. Grice, 319 F.3d 1174, 1177 (9th Cir. 2003); 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."). And, while 18 U.S.C. § 3664(k) allows the Court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require" based on a "material change in the defendant's economic circumstances," it does not allow the Court to discharge or modify the amount of the restitution obligation. Other courts analyzing this section have reached the same conclusion. *See e.g.*, United States v. Roper, 462 F.3d 336, 338–39 (4th Cir. 2006); United States v. Wyss, 744 F.3d 1214, 1219 (10th Cir. 2014). So, the Court cannot discharge Swift's remaining obligation.

While the Court cannot discharge Swift's restitution obligation, the passage of time can. Specifically, under 18 U.S.C. § 3613 "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Here, Swift was released from prison in 2006, meaning his obligation to pay expires in 2026.

The Court lacks the power to discharge or modify Swift's remaining restitution obligation. THEREFORE, IT IS ORDERED:

1. Swift's motion to Motion to Discharge Fines and Costs (Filing No. 124) is denied.

Dated this 7th day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge